UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KRISCILLA K. MCHENRY,

                Plaintiff,

v.

                Case No. 23-CV-69-JPS

DEPARTMENT OF CORRECTIONS,

                **ORDER**

                Defendant.

Plaintiff Kriscilla K. McHenry, an inmate confined at Taycheedah Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Department of Corrections violated her constitutional rights. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens her complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when she filed her complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with her case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). She must then pay the balance of the $350 filing fee over time, through deductions from her prisoner account. *Id.*

On April 3, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $46.60. ECF No. 10. Plaintiff paid that fee on May 10, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. She must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints

liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that Defendant Department of Corrections violated her rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). ECF No. 1 at 2. Plaintiff sent a letter to Dr. Love, the medical director, in February 2022 stating that she was not receiving the medical care she needed. *Id.* Plaintiff was notified in May of a breach of her medical information. *Id.* An employee inserted the wrong information and a document intended for Plaintiff was mailed to another inmate at Green Bay Correctional Institution. *Id.* The Green Bay inmate returned the letter because it was not meant for him. *Id.* at 3. Plaintiff was not aware of the breach until a correctional officer found some mail in her folder. *Id.*

### 2.3 Analysis

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. First, as to any HIPAA violation, HIPAA provides both civil and criminal penalties for improper disclosures of protected health information, but limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d–5(a)(l), 1320d–6. There is no express language conferring a private right or remedy for disclosure of confidential medical information. The Seventh Circuit Court of Appeals conclusively held in *Stewart v. Parkview Hospital*, 940 F.3d 1013, 1015 (7th Cir. 2019), that HIPAA confers no private right of action. As such, Plaintiff cannot state a claim for a HIPAA violation and the Court finds that any amendment on this issue would be futile.

Second, Plaintiff's allegations do not rise to the level of an Eighth Amendment cruel and usual punishment claim. Courts have considered whether disclosure of medical information or records could be actionable under the Eighth Amendment's prohibition of cruel and unusual punishment. *See Anderson v. Romero,* 72 F.3d 518, 523 (7th Cir.1995). For example, if prison officials disseminated humiliating details of a prisoner's medical history for gratuitous reasons unrelated to a legitimate penological interest, such disclosure might constitute the infliction of cruel and unusual punishment. *See, e.g., Powell v. Schriver,* 175 F.3d 107, 112 (2d Cir. 1999). Plaintiff's allegations come nowhere close to demonstrating an Eighth Amendment violation. *See Whitley v. Albers,* 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]"). Plaintiff does not allege that her medical records contained any information of a sensitive or embarrassing nature. Plaintiff also does not allege that her information was intentionally shared for a gratuitous reason. As such, the Court finds that Plaintiff's allegations fail to state a constitutional claim and that any amendment would be futile.

3. **CONCLUSION**

In sum, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. The Court will not grant Plaintiff leave to file an amended complaint in this instance. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *See Runnion ex*

*rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss the complaint, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim, and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the $303.40 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to her trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with her remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if her appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, she will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless she demonstrates that she is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.